NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PETER BRESKO, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-5098 (CCC) |
| RENATE BRESKO, | : | **Memorandum Opinion** |
| Defendant. | : | |

**Claire C. Cecchi, District Judge:**

This matter comes before the Court upon the attempted removal by Peter Bresko of his matrimonial action, which was initially filed in New Jersey Superior Court, Law Division. See Bresko v. Bresko, Civil Action No. 11-5098 (CCC) (D.N.J.) ("Civil Action No. 11-5098"). For the reasons detailed below, the state courts will be notified of the invalidity of these removal proceedings and the claims asserted in this matter will be construed as claims stated in a new civil complaint and will be dismissed, with prejudice, for lack of jurisdiction.

**I. BACKGROUND**

The relevant facts of this matter arose in December 2010, when the marital relationship between Peter Bresko ("Bresko") and his then spouse of twelve years, Renate Bresko ("Renate"),

deteriorated to such a point that Renate moved out of the family residence. Their two children were sent to stay, temporarily, with Renate's parents who resided in Florida. See Civil Action No. 11-5098, Docket Entry No. 1, at 1. The mediation proceedings that took place one month later yielded no result, and Bresko initiated a divorce action against Renate. That action was properly filed with the New Jersey Superior Court, Law Division, and assigned to be presided over by Judge Catherine I. Enright. See id.; see also Bresko v. Critchley, Civil Action No. 11-5346 (CCC) (D.N.J.) ("Civil Action No. 11-5346"), Docket Entry No. 6-1, at 10-14 and Docket Entry No. 6-2.

Prior to the adjudication of his matrimonial action by Judge Enright, Bresko filed with this District a notice of removal of his matrimonial proceedings. A few minutes before the commencement of the hearing in his divorce action, Bresko handed a copy of the civil cover sheet resulting from such filing to Judge Enright, attempting to halt those proceedings. See id.; see also Civil Action No. 11-5098, Docket Entry No. 1 (indicating that Bresko sought removal of his divorce proceedings, State Docket No. FM-14-979-11, and named Renate as the defendant in that matter, with a passing notice that Renate

was also the plaintiff in the domestic violence action against him[1]).

Renate made an appearance in that matrimonial matter and initiated her own action with the New Jersey Superior Court, Law Division. Renate's action asserted a domestic violence claim against Bresko and sought a restraining order against him. See Civil Action No. 11-5346, Docket Entry No. 6-1, at 10-14 and Docket Entry No. 6-2. The domestic violence action was assigned to Judge Thomas J. Critchley, Jr. of the Family Part of the New Jersey Superior Court. These proceedings resulted in (a) a temporary restraining order (TRO) followed by a final restraining order (FRO) issued against Bresko; and (b) a final order allocating custody and parenting time between Renate and Bresko. See id. When Bresko violated the terms of these two final orders, Judge Critchley issued a warrant for Bresko's arrest and held a hearing that resulted in Bresko's incarceration.[2] On February 17, 2012, Bresko was released from confinement.[3] See Civil Action No. 11-5255, Docket Entry No. 10.

---

[1] The state court domestic violence action initiated against Bresko by Renate (State Docket No. FM-14-840-11) was not removed by Bresko to this Court. See Civil Action No. 11-5098, Docket Entry No. 1; see also Note 3, infra.

[2] Judge Critchley's warrant as to Bresko's arrest and Judge Critchley's order directing Bresko's incarceration prompted Bresko to commence, on September 12, 2011, Civil Action No. 11-5255, a habeas proceeding in this District. In that habeas action, Bresko sought release from confinement. See Civil Action No. 11-5255, Docket Entry No. 1. Three days after

Bresko's filing of the habeas proceeding (in Civil Action No. 11-5255), the notice of removal of the matrimonial action (in Civil Action No. 11-5098), and Section 1983 claims (in Civil Action No. 11-5346) coincided with an extensive degree of activity generated in this District by Bresko's sister, Laura Bresko ("Laura"). Laura contacted the Office of the Clerk and the Chambers of the undersigned on several occasions regarding Bresko's filings. Simultaneously, Laura contacted the law firm of Jack Venturi ("Venturi"), requesting representation of Bresko in the two actions commenced in this district, namely, in the one purporting to operate as a removed matrimonial proceeding (Civil Action No. 11-5098) and in the habeas action (Civil Action No. 11-5255). See Civil Action No. 11-5255, Docket Entry No. 7-1. Venturi accepted the representation, and Michael B. Roberts, Esq. ("Mr. Roberts"), a Venturi associate, made appearances in Civil Action No. 11-5098 and Civil Action No. 11-5255, while Bresko continued to proceed pro se in Civil Action No. 11-5346 (the Section 1983 proceeding against Judges

---

initiating the aforesaid habeas action in this District, Bresko also commenced a Section 1983 proceeding in this District, raising constitutional and state law claims against Judges Critchley and Enright. See Civil Action No. 11-5346, Docket Entry No. 1.

[3] Due to Bresko's subsequent release from confinement on February 17, 2012, he has withdrawn his habeas petition, Civil Action No. 11-5255. See Civil Action No. 11-5255, Docket Entry No. 10.

Critchley and Enright (hereinafter, collectively, "Defendants")).

On January 5, 2012, Venturi moved to withdraw as counsel to Bresko on the grounds that, starting from mid-December 2011, Laura expressed dissatisfaction with the counsel Bresko was receiving from Mr. Roberts in regard to Civil Actions Nos. 11-5098 and 11-5255, and with the legal fees being charged by Venturi. According to Venturi, Laura also threatened to file a legal malpractice claim against the firm and/or disciplinary grievances, either against the firm in general or against Mr. Roberts in particular. See Civil Action No. 11-5098, Docket Entry No. 3. On these grounds, Venturi asserted that it was conflicted with the interests of Bresko and sought release from its appointment in Civil Actions Nos. 11-5098 and 11-5255.

## II. DISCUSSION

Bresko filed a notice of removal of the matrimonial matter, State Docket No. FM-14-979-11, which Bresko had initiated with the Superior Court of New Jersey, Law Division.[4]

---

[4] The state court domestic violence action initiated against Bresko by Renate (State Docket No. FM-14-840-11) was not removed by Bresko to this Court. Bresko did not prepay any filing fee in connection with that action, and he did not obtain any index number for such action in this District. At any rate, had such removal been attempted, the domestic violence matter would have been remanded by this Court to the Superior Court of New Jersey, Law Division, on the grounds of lack of jurisdiction. Therefore, while Bresko's pro se and counseled submissions stated that the domestic violence proceeding was removed to this

5

*Defendants* have a statutory right to remove civil actions brought in state courts to a federal district court as long as the district court *has original jurisdiction* over the action and the party removing the action has done so within thirty days after receipt of the initial pleading. 28 U.S.C. § 1446(a) & (b); see also 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending") (emphasis supplied). Thus, a defendant seeking to remove a case may file a "notice of removal," 28 U.S.C. § 1446(a), but that defendant bears the burden of: (a) establishing removal jurisdiction; and (b) demonstrating compliance with all pertinent procedural requirements. See, e.g., Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); see also Capone v. Harris Com., 694 F. Supp. 111, 112 (E.D. Pa. 1988). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation and citation omitted).

---

District, Bresko's position is contrary to the District's record.

6

Therefore, if the action sought to be removed asserts jurisdictional bases other than those over which the district court has an adjudicatory mandate, or if the removal is procedurally defective, e.g., due to the untimeliness of the notice of removal, the district court will deny such a removal application. The proper remedy would be remand of the proceeding to the state courts. See PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993) ("Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."). In contrast, where an entity having, ab initio, no power to make a removal application submits a document purporting to operate as a notice of removal, such document qualifies as a submission filed with the district court but not as a notice of removal, since no statutory power to even attempt such removal is bestowed upon that entity.

Here, Bresko filed a document that purported to operate as his notice of removal of the matrimonial matter pending before Judge Enright. Even if Bresko had been the *defendant* in that matter, i.e., had *Renate* initiated that matrimonial action, Bresko's application for removal would have to be denied, and the matrimonial action would have to be remanded back to the New Jersey Superior Court, Law Division, on the grounds that: (a) federal courts have no subject matter jurisdiction over

matrimonial cases, which involve pure state law;[5] and (b) there is no dispute that Bresko moved for removal eight months after he commenced his matrimonial action against Renate.

However, since Bresko is the plaintiff in his matrimonial action against Renate, he had no statutory power to attempt removal. Therefore, Bresko's submission that gave rise to this action amounts to a filing made with this District, but not to a notice of removal. Since Bresko proceeded <u>pro se</u> at the time of the commencement of this action, this Court construes his submission liberally and with a measure of tolerance. As such, the Court reads Bresko's filing as a new and separate civil complaint, which is based on the identical factual predicate and legal claims as those currently litigated in the matrimonial action pending before Judge Enright.

Federal courts are courts of limited jurisdiction. Thus, a federal court shall presume lack of jurisdiction, and the party

---

[5] The domestic relations exception to federal jurisdiction prohibits federal courts from hearing "cases involving the issuance of a divorce, alimony, or child custody decree." <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992); <u>accord</u> <u>Schottel v. Kutyba</u>, No. 06-1577, 2009 WL 230106 (2d Cir. Feb. 2, 2009); <u>Rabinowitz v State of New York</u>, 329 F. Supp. 2d 373 (E.D.N.Y. 2004). Moreover, this bar on federal jurisdiction is broad and applies to ancillary matters. For instance, federal courts uniformly hold that the domestic relations exception applies to cases involving the determination or modification of child support as well. <u>See</u>, <u>e.g.</u>, <u>Donohue v. Pataki</u>, 28 Fed. App'x 59 (2d Cir. 2002); <u>Agg v. Flanagan</u>, 855 F.2d 336, 339 (6th Cir.1988); <u>Friedlander v. Friedlander</u>, 149 F.3d 739, 740 (7th Cir. 1998); <u>Lannan v. Maul</u>, 979 F.2d 627, 631 (8th Cir. 1992).

seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The court is obligated to test subject matter jurisdiction sua sponte. See Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002) ("Court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction."); see also Morel v. INS, 144 F.3d 248, 251 n.3 (3d Cir. 1998) (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)("A federal court . . . will raise lack of subject-matter jurisdiction on its own motion.").

Since Bresko's divorce and ancillary matrimonial or family-law claims fall within the domestic relations exception barring any federal jurisdiction in toto, Bresko's complaint will be dismissed for lack of jurisdiction. See Ankenbrandt, 504 U.S. at 704; Rabinowitz, 329 F. Supp. 2d 373; Donohue, 28 Fed. App'x 59; Agg, 855 F.2d at 339; Friedlander, 149 F.3d at 740; Lannan, 979 F.2d at 631; Tackett, 877 F.2d 60,

Although we need not rely upon any further grounds for dismissal other than lack of subject matter jurisdiction, the Court notes that had the jurisdictional bar not been there, Bresko's complaint would still be subject to dismissal under the abstention doctrine. That doctrine, articulated in Younger v. Harris, 401 U.S. 37 (1971), "espouse[s] a strong federal policy

against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (emphasis supplied). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). The specific elements of the Younger abstention doctrine are: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims [if any]." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). The matrimonial proceedings pending before Judge Enright in the New Jersey Superior Court meet each of these three requirements, since these proceedings are judicial in nature, the State of New Jersey has a vested interest in resolving matrimonial challenges of its residents and, to the degree Bresko can raise any federal claims in that matter, the state court system provides him with an ample opportunity to do so. Therefore, Bresko's complaint may also be subject to dismissal on the grounds of the Younger abstention doctrine.

Since the jurisdictional deficiencies of Bresko's challenges cannot be cured by allowing him an opportunity to amend his claims, this matter will be closed. This Court will direct courtesy copies of this Memorandum Opinion and accompanying Order to be served upon Judge Enright to ensure that Bresko's matrimonial proceedings are not delayed by any considerations resulting from his attempt at removal.

### III. CONCLUSION

For the foregoing reasons, Bresko's challenges raised in this action are deemed claims asserted in a new civil complaint and dismissed, with prejudice, for lack of jurisdiction. The Clerk is directed to serve courtesy copies of this Memorandum Opinion and accompanying Order upon the Superior Court of New Jersey, Law and Appellate Divisions.

An appropriate Order accompanies this Memorandum Opinion.

/s/ Claire C. Cecchi
**Claire C. Cecchi**
**United States District Judge**

Dated: February 28, 2011

11